IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | In Chapter 11 |
| ) | Case No. 12 B 07282 |
| ACE FLOORING COMPANY, INC., ) | Honorable Eugene R. Wedoff |
| ) | |
| Debtor. ) | |

**FINAL ORDER PERMITTING USE OF CASH COLLATERAL
BELONGING TO COLE TAYLOR BANK**

THIS CAUSE COMING ON TO BE HEARD on motion of Debtor, ACE FLOORING COMPANY, INC., for entry of a final order permitting use of cash collateral belonging to Cole Taylor Bank (hereinafter the "Bank") (the "Cash Collateral Motion"), notice of the motion having been given to the United States Trustee's Office, all parties holding liens upon the property and the twenty largest creditors and the Court being duly advised in the premises:

IT IS HEREBY ORDERED that:

1. Debtor is hereby authorized to use the Bank's Cash Collateral and approval pursuant to Section 363(c) of the Bankruptcy Code provided, however, that Cash Collateral shall not be used for expenses other than those post-petition obligations on the Budget attached hereto as Exhibit 1, subject to a variance of no more than ten percent (10%) per line item, in order to pay ongoing expenses in the ordinary course of business and ongoing expenses described in Exhibit 1.

2. Debtor shall deposit all monies collected in connection with the Collateral, whether generated pre-petition, or post-petition in its Debtor in Possession account.

3. As adequate protection, Debtor shall pay the Bank commencing on March 15, 2012 in the amount of $450.00 with each subsequent payment being due on or before the 15th day of each

{00132363.DOC /}

—1—

month. As additional adequate protection, the Debtor grants the Bank a replacement lien upon the assets Debtor acquires subsequent to the filing of the voluntary petition and a replacement lien upon the proceeds from assets acquired subsequent to the filing of the Chapter 11 to the extent that the collateral is utilized subject to verification of the extent and validity of the lien. ~~Any adequate protection payment made by the Debtor under this order will be applied by Cole Taylor to the principal balance of the pre-petition obligation to the Cole Taylor, however, such application shall not be binding on any party, and any adequate protection payment under this order may be subject to re-characterization upon appropriate motion.~~ *[struck through, initialed ER]*

4. The provisions of this Order shall be immediately effective upon entry of this Order. The terms and provisions of this Order, as well as the lien and security interest created hereunder and all rights of the Bank and obligations of the Debtor created or arising pursuant hereto shall continue in these proceedings or any superseding proceeding under the Code. The liens and security interests provided for herein shall maintain their priority as provided by this Order until satisfied and discharged. If any or all of the provisions of this Order are hereafter modified, vacated or stayed by subsequent order of this Court, such stay, modification or vacation shall not affect: (1) the validity of any debt to the Bank incurred pursuant to this Order and which is incurred prior to the effective date of such stay, modification or vacation; (2) the validity and enforceability of any lien or priority authorized hereby with respect to any such debt to the Bank; and (3) the conduct of the Bank with respect to the rights granted to it in this Order and the loan documents executed prior to the effective date of such stay, modification or vacation. Notwithstanding such stay, modification or vacation, all liabilities owed to the Bank by Debtor pursuant to this Order prior to the effective date of such modification, stay or vacation, to or for the benefit of Debtor shall be governed in all respects by the original provisions of this Order and the Bank

{00132363.DOC /}

-2-

shall be entitled to all of the rights, privileges and benefits, including the security interest in the priority granted herein, with respect to all such liabilities and the course of conduct established in connection therewith.

5. Debtor shall insure the Collateral against risk of loss, damage and destruction for the full replacement value thereof with an insurance company acceptable to the Bank and with loss payable to the Bank. Debtor shall provide proof of insurance to the Bank.

6. The Bank shall have the right to inspect the premises, property, assets and collateral of the Debtor, and conduct audits and inspections of the books and records of the Debtor during regular business hours upon reasonable advance notice.

7. This Order is without prejudice to the rights of the Bank to receive any pre-petition or post-petition payments due the Bank or to seek modification of the terms hereof at any time upon reasonable notice to all parties in interest, and subject to the rights of any party to object thereto.

8. The occurrence of any one or more of the following shall constitute an event of default:

   a. This Order is stayed, reversed, vacated or modified on appeal or shall cease to be in full force and effect;

   b. Debtor's material failure to perform any of its obligations under this Order and failure to cure the default within ten (10) days after receipt of written notice of the default;

   c. The conversion of the Debtor's Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code;

   d. The appointment of a Chapter 11 Trustee; or

   e. The dismissal of the Debtor's bankruptcy case.

9. Upon the occurrence of an event of default, the Bank may seek modification of the automatic stay to discontinue Debtor's right to use of Cash Collateral pursuant to this Order and for relief from the automatic stay to exercise any and all rights and remedies it may have with respect to the Collateral or for other appropriate relief.

10. Debtor's authorization for the use of Cash Collateral pursuant to this Order shall terminate on the earlier of (a) the entry of a Court order vacating or reversing this Order; (b) the Effective Date under the Plan of Reorganization to be proposed by the Debtor and confirmed by final order of the Bankruptcy Court; (c) the occurrence of an event of default herein; (d) the conversion of this case to one under Chapter 7; or (e) such later date as the Bank and the Debtor may hereafter specify in writing.

Date: 2 1 MAR 2012

ENTER:

_____
Bankruptcy Judge

GOLAN & CHRISTIE LLP
Attorneys for Debtor
70 West Madison, Suite 1500
Chicago, Illinois 60602
312-263-2300

{00132363.DOC /}

—4—

*12 B 07282 – Ace Flooring Company, Inc.*
*March 2012 Budget*

| INCOME | AMOUNT ($) |
|---|---|
| Total Income | 38,000.00 |
| **EXPENSES** | |
| Auto Payment | 550.00 |
| Alarm | 60.00 |
| Auto Service/Repair | 425.00 |
| Dumpster | 433.00 |
| Fuel | 1,130.00 |
| Health Insurance | 1,100.00 |
| Insurance (Liability, Auto, WC) | 1,200.00 |
| Loan Payment | 450.00 |
| Materials/Small Tools | 11,000.00 |
| Office Supplies | 100.00 |
| Online Service | 50.00 |
| Payroll (Employees and Subcontractors) | 19,000.00 |
| Payroll Service | 60.00 |
| Postage | 40.00 |
| Telephone | 200.00 |
| Telephone – Cellulars | 250.00 |
| Toll and Parking | 120.00 |
| Utilities | 410.00 |
| Rent | 1,000.00 |
| **Total Expenses** | **37,578.00** |

{00131293.DOCX /}

EXHIBIT A